A. C. WEZTBROOK *v.* ALEXANDER BLOCK.

**Ejectment — Evidence — Receipt of Receiver of Land Office for Fees.**
> The receipt of the receiver of the land office of the United States, for
> fees paid for the entry of land as a homestead is not sufficient evidence
> of title on which to recover in an ejectment suit. It is not a certificate
> within the meaning of section 1623 of the Code of 1880.[1]

Ejectment by appellant against appellee to recover possession
of certain land described in the declaration. From a verdict and
judgment for defendant plaintiff appeals. Affirmed.

On the trial plaintiff offered in evidence the receipt of the
receiver of the United States Land Office for the fees paid by him
for the entry of the land sued for, for a homestead. The defend-
ant objected to the introduction of this receipt and his objection
was sustained. The plaintiff offered no further evidence and a
judgment was rendered for the defendant. From that judgment,
plaintiff appeals.

APPEALED from Circuit Court, Lincoln county, S. S. CALHOON,
Judge.

Affirmed, May 15, 1882.

*Attorneys for appellant, Sessions & Cassedy.*

*Attorney for appellee, A. C. McNair.*

---

1

"All certificates issued in pursuance of any act of Congress, by any board
of commissioners, register of any land office, or any other person authorized to
issue such certificate, founded on any warrant, order of survey, entry, grant,
confirmation, donation, pre-emption or purchase from the United States, of
any land in this State, shall be taken to vest the full legal title to such land
in the person to whom such certificate is granted, his heirs and assigns, so
far as to enable the holder of such certificate to maintain any action there-
on, and the same shall be received in evidence as such, in any court in this
State, saving the paramount rights of other persons." Code of 1880, § 1623;
Code of 1892, § 1782; Code of 1906, § 1959.

Brief of Sessions & Cassedy:

The only error complained of is the exclusion by the court of the receiver's certificate. It was issued under section 2290 of the Revised Statutes of the United States.

The entry, as will be seen, was made for an adjoining farm, and the certificate of the receiver is to the effect that the proper amount had been paid to authorize an entry. No patent or certificate of entry is permitted to issue until the expiration of five years from the date of the entry, and proof of actual residence or cultivation for the period of five years immediately succeeding the making of the application for entry must, in addition, be made. § 2291, Rev. Stat. U. S.

The effect of this Receiver's certificate is to authorize the holder to enter upon the land mentioned in it and to reside upon it or cultivate it, as may be the purpose of the entry; otherwise it would be a foolish and absurd provision of the law to require proof of residence or cultivation before evidence of a complete title is issued to him by the Government.

If he could rightfully enter upon the land after receiving the certificate, he can lawfully eject any intruder that may take possession of the land. Anything that would tend to establish his right to the possession of the land in controversy is complete evidence.

The question on the trial of an ejectment suit being whether the plaintiff "is entitled to recover the possession." (See § 2403, Code 1880.) The certificate was clearly admissible and this independent of section 1623 of the Code of 1880, which makes the certificate competent evidence.

The identical question substantially was before this court in the case of Jesse D. Worley *v.* W. L. Shell, No. 3232, not reported. The court did not in that case deem the question of sufficient importance to deliver any opinion upon it, but decided it orally from the bench in accordance with the views we now present, although in the case referred to we were on the other side of the question and filed a brief making the same objection that was made in the court below in this case. We are certainly right now, if wrong then.

We respectfully ask that for the error of the court in excluding the evidence that the judgment be reversed.

Brief of A. C. McNair:

The only question is, did the court err in excluding the document? This greatly depends on whether the instrument of writing is a certificate or a receipt. If a certificate, within the meaning of section 1623, Code 1880, then the court below probably erred. If not such a certificate the ruling of the learned judge was correct.

The entry of the land by appellant was under section 2290 of the Revised Statutes of the United States, as is shown in the body of the receipt. Section 2289 of the same statute specifies who may pre-empt land for homestead purposes. Section 2290 points out the manner in which this may be done, while section 2291 absolutely prohibits the "giving of certificates or the issuance of patents until the expiration of five years from the date of said entry." Revised Statutes U. S., p. 422.

An appellant will not be entitled to a certificate or patent until the expiration of the period of five years from the date of entry, the irresistible conclusion is that the document in question is not such a one as is within the contemplation of section 1623 of the Code of 1880. In truth, the document shows on its face that it is a mere receipt of the receiver for money paid the receiver and register as fees and compensation for the entry of the land, and upon which at the end of five years a "certificate" will be given, or a "patent" will be issued. The legal title to the land remains in the United States Government until the certificate is given, or the patent is issued. The entry of appellant can be forfeited by him, or cancelled for cause by the proper authority. If the receipt is admissible, it is only so by virtue of section 1623, Code 1880, which is in the following language, namely: "All *certificates* issued in pursuance of any act of Congress by any board of commissioners, register of any land office or any other person authorized to issue such *certificate founded* on any warrant, order of survey, entry, grant, confirmation, donation, pre-emption or purchase from the United States, of any land in this State, shall be taken to vest the full legal title to such land in the person to whom such *certificate* is granted, his heirs and assigns, so as to enable the holder of such certificate to maintain any action thereon, and the same shall be received in evidence as such in any court in this State, saving the paramount rights of other persons."

This section only intends to confer an admissible quality on those documents which are recognized and known under the acts of Congress. In sooth, this section excludes the idea that this receipt is admissible, or in other words, sufficient of itself to enable the appellant to recover in this action, as it provides that the certificate must be founded on a pre-emption, etc. This court will take judicial knowledge of the fact that when application is made for entry of land for homestead purposes, a receipt is given to the applicant by the receiver for the money paid as compensation and fees of the registerer and receiver. On this receipt, at the time prescribed by law, a certificate is given or patent is issued. But what appears conclusive of this question is, that under this section of the Code, the class or kind of certificates therein mentioned are evidence in the hands and for the benefit of assigns of the certificates in the same manner as though held by the party to whom originally issued; while a transfer or assignment of the receipt in question would *ipso facto* work a forfeiture of the entry. Rev. Stat. U. S., p. 422, *et seq.*

If appellant had offered in evidence a certified copy of the record required by said section 2295, the question would be quite different from that before the court.

The act of Congress under which appellant's entry of the land was made was not enacted until the year 1862, and as the section 1623, Code of 1880, is a literal transcript of every act on the subject since the year 1822, at least, the instrument cannot in the nature of things be embraced in either the spirit or letter of this section. Code 1871, § 808; Code 1857, art. 229, p. 517; Hutchinson's Code, § 87, art. 1, p. 858.

The receipt has neither a seal or certificate attached to it and for this reason is not admissible.

OPINION.—CAMPBELL, C. J.:

The receipt of the receiver of the land office for the fees paid by appellant for the entry of the land sued for, is not sufficient evidence of his right to the possession of the land. It is not a "certificate" within section 1623 of the Code of 1880. The act of Congress prohibits the issuance of a "certificate" on the entry of the homestead. Rev. Stat. U. S., § 2291.

The appellant should have produced a copy of the "records,

Statement of the Case.

books and files" of the register of the land office pertaining to his entry of the land, which would have been admissible under section 1624 of the Code of 1880.

Counsel for the appellant is mistaken in his reference to Shell *v.* Worley, No. 3232. That was the case of a certificate of the reseiver of the land office on a purchase of land, and was the kind of certificate made evidence of title by our statute.

*Judgment affirmed.*                    .